1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN C. PERRY, M.D., and
TEDDY BEAR OBSTETRICS &
GYNECOLOGY, P.S.,

                Plaintiffs,

v.

THOMAS M. RADO, M.D., et al.,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No. CV-07-5001-LRS

**ORDER DENYING
MOTION TO RECONSIDER**

**BEFORE THE COURT** is the plaintiffs' Motion To Reconsider "With Prejudice" Dismissal Of Complaint. (Ct. Rec. 15). The motion is heard without oral argument.

**I. BACKGROUND**

On May 24, 2007, this court entered an "Order Granting Motion To Dismiss" (Ct. Rec. 13) which dismissed **with prejudice** the plaintiffs' federal Sherman Antitrust Act claim for failure to state a claim upon which relief could be granted, specifically failure to allege sufficient facts showing antitrust injury. Fed. R. Civ. P. 12(b)(6) (dismissal proper where there is either a lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal theory). Because the federal antitrust claim provided the court with its original jurisdiction (federal question), the court exercised its discretion to not exercise supplemental jurisdiction over plaintiffs' state law claims and dismissed those claims **without prejudice** to

ORDER DENYING MOTION
TO RECONSIDER-                    1

their reassertion in state court.  Because all of the claims in plaintiffs' complaint were dismissed, the court dismissed the action as well.  A judgment was entered in favor of the defendants.  (Ct. Rec. 14).

Plaintiffs now ask the court to reconsider its dismissal of the federal antitrust claim **with prejudice**.  They contend this was a "clear error" and that the claim should have been dismissed **without prejudice**.  Plaintiffs assert this court "should not cut off [their] ability to subsequently plead a federal antitrust case, particularly when very similar facts have supported federal antitrust claims." Alternatively, plaintiffs contend the court should vacate its dismissal of the federal antitrust claim and stay litigation of the claim pending completion of the litigation of the state law claims in state court.[1]

## II.  RECONSIDERATION STANDARD

" '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc*., 764 F.2d 604, 609 (9th Cir. 1985); see also *Keene Corp. v. International Fidelity Ins. Co*., 561 F. Supp. 656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of law or fact or to present newly discovered evidence").  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling.  *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987); see *Keene Corp.*, 561 F. Supp. at 665-66.

---

[1] Appended to plaintiffs' reply brief (Ct. Rec. 18-1) is a Complaint (Ct. Rec. 18-2) which has been filed, or is to be filed, in Benton County Superior Court.

**ORDER DENYING MOTION TO RECONSIDER-**          **2**

**III.  DISCUSSION**

When a Rule 12(b)(6) failure to state a claim is granted, the dismissal is usually **with prejudice** to refiling unless the order specifically provides otherwise. *Carter v. Norfolk Comm. Hospital Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985).  Pursuant to Fed. R. Civ. P. 41(b), "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision [involuntary dismissal] and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, **operates as an adjudication upon the merits**."  (Emphasis added).  A dismissal for failure to state a claim under Rule 12(b)(6) bars further litigation of the particular claim pleaded unless leave to amend is granted or the dismissal is made "without prejudice" to refiling.

**A.  Leave To Amend Complaint In Existing Action**

In its "Order Granting Motion To Dismiss," this court found that plaintiffs' Complaint pled nothing more than conclusory allegations of injury to competition in the relevant market.  In the response they filed to defendants' "Motion To Dismiss," the plaintiffs asserted they could plead certain additional facts in an amended complaint which would suffice to state a claim for relief under the Sherman Antitrust Act, but this court found those facts merely repeated the conclusory allegations contained in the Complaint.  (Order at pp. 7-8).  Because the plaintiffs had not pled enough facts in their Complaint, nor proposed to plead enough facts in an amended complaint so as to raise a reasonable expectation that discovery would reveal evidence of injury to competition, this court found there was no reason to provide the

///

///

///

///

///

**ORDER DENYING MOTION
TO RECONSIDER-**          **3**

1    plaintiffs with an opportunity to formally amend their Complaint.  (Order at p. 10).[2]

2    Plaintiffs contend this court committed a "clear error" by not allowing them an

3    opportunity to formally amend their Complaint.  Plaintiffs repeatedly assert that this

4    court improperly made "factual determinations" to justify dismissal of the antitrust

5    claim.  A court, however, does not make "factual determinations" on a 12(b)(6)

6    motion.  In reviewing a 12(b)(6) motion, the court must accept as true all material

7    allegations in the complaint, as well as reasonable inferences to be drawn from such

8    allegations.  *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457,

9    460 (9th Cir. 1994).  The facts pled in the complaint must be accepted as true for

10   purposes of the motion.  *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827

11   (1989).  The court need not, however, accept as true conclusory allegations or legal

12   characterizations, nor need it accept unreasonable inferences or unwarranted

13   deductions of fact.  *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403

14   (9th Cir. 1996).

15   Plaintiffs contend the court made a factual determination by stating that "[i]t

16   would appear the Tri-Cities constitutes the relevant geographic market . . . ."  This,

17   however, was a legal determination based on facts pled by the plaintiffs in

18   ///

19   ///

20   ///

21

22

23

_____

24   [2] This court cited *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir.

25   1992), for the unremarkable and well-accepted proposition that where a proposed

     amendment does not cure a defect, the court has discretion to deny a motion to

26   amend.  Plaintiffs discuss *Shermoen* in some detail, noting that the dismissal in

     that case was based on there being no cognizable legal theory available to the

27   plaintiffs in that case.  As discussed *infra*, however, a dismissal can also be

     premised on the absence of sufficient facts alleged under a cognizable legal

28   theory.  As also discussed herein, a dismissal can be with or without prejudice.

**ORDER DENYING MOTION**
**TO RECONSIDER-**                    **4**

1    the Complaint[3] and proposed to be pled in an amended complaint.[4]  In its order, the

2

3        [3] Paragraph 48 at pp.13-14 of the Complaint states:

4

5            In order to reduce competition in a significant and material
             way, and to increase the value and income of its business,
6            APW and its individual members set about driving Dr.
             Perry out of business in Richland, Washington, **and indeed**
7            **out of business in the Tri-City area of Washington, which**
             **includes Richland, Washington.**
8

9

10        (Emphasis added).

11
         Paragraph 49 at p. 14 of the Complaint states:
12

13           In order to accomplish this anticompetitive purpose, APW
             and/or its individual members solicited and obtained agreements
14           from Dr. Rado, Kadlec, and other co-conspirators to utilize the
             Medical Staff procedures in a manner contrary to their purposes,
15           contrary to the Bylaws and Fair Hearing Plan of the said
             Medical Staff, all in bad faith, to exclude Dr. Perry from
16           practice at Kadlec and in the Richland **and/or Tri-City**
17           **Area of Washington**.
18

19

20        (Emphasis added).

21

22        [4] At p. 8 of plaintiffs' Response Brief (Ct. Rec. 7), among the additional
     facts which plaintiffs state they could have pled was:
23

24           Defendants, through improper, false and malicious communi-
25           cations with the hospital in **Kennewick, WA**, and through
             failures to provide properly requested information in
26           accordance with applicable statutes, attempted to cause,
             and partially did cause a reduction of Dr. Perry's privileges
27           **at that hospital**.
28

         (Emphasis added).

     **ORDER DENYING MOTION**
     **TO RECONSIDER-**                 5

court stated that plaintiffs had tacitly conceded the Tri-Cities area was the relevant market by asserting that APW employs the majority of OB/GYN physicians in the Tri-Cities, and in asserting that defendants, "through improper, false and malicious communications . . . partially did cause a reduction of Dr. Perry's clinical privileges at [Kennewick General Hospital]." (Order at pp. 9-10). In finding that plaintiffs had failed to plead sufficient facts establishing an injury to competition in the relevant market, this court noted that Dr. Perry was still able to provide OB/GYN services to patients at Kennewick General Hospital. (Order at p. 9). In footnote 5 of their memorandum in support of their "Motion To Reconsider" (Ct. Rec. 15 at p. 6), plaintiffs indicate that "Dr. Perry's clinical privileges in gynecology **were** suspended until he proved his competence through attendance at the PACE program at the University of California at San Diego." (Emphasis added). As the defendants observe, this indicates that Dr. Perry currently has full, restored privileges at Kennewick General Hospital. Indeed, this is consistent with the allegation in Paragraph 6 of the Complaint that Dr. Perry "is a member of the Medical Staff of Kennewick General Hospital."

In its order, this court also noted that Teddy Bear Obstetrics & Gynecology retained privileges at Kadlec through the person of Dr. Ortolano. (Order at p. 7). Pointing to footnote 8 of the Order at p. 7, plaintiffs contend this court made an inaccurate factual determination that Dr. Ortolano was an associate physician of

///
///
///
///
///
///
///
///

**ORDER DENYING MOTION
TO RECONSIDER-                6**

Teddy Bear who had privileges at Kadlec.[5]  Yet, in their "Motion To Reconsider"

(Footnote 6 at p. 7, Ct. Rec. 15), plaintiffs effectively concede the accuracy of the

aforementioned by alleging:

> [T]he lack of "call coverage" for Dr. Ortolano resulted in a dissolution of the relationship between Dr. Perry and Dr. Ortolano, and further resulted in the failure of Teddy Bear to be able to hire an additional physician, i.e., resulting in one less competitor in the market.  These were events which post-dated the filing of the Complaint, but could have been made the subject of a motion to amend.[6]

It is not clear why this was not previously mentioned by the plaintiffs in their

response to the "Motion To Dismiss" as one of the additional facts which they could

plead in an amended complaint, but even had this fact been considered, it would not

have changed the outcome of the court's analysis that insufficient facts were alleged

to show injury to competition in the relevant market (i.e., Dr. Perry retains privileges

at Kennewick General Hospital and beyond that, there are wholly conclusory

///

///

///

///

---

[5]  In footnote 8, this court stated:

> Paragraph 38 of the Complaint states that in approximately March, 2005, Dr. Perry hired an associate physician to work with him in his practice and made it known he intended to further expand his practice to include additional physicians. While the Complaint does not mention Dr. Ortolano by name, the Plaintiffs in their response brief did not in any manner refute Defendants' assertion that the "associate physician" in question is Dr. Ortolano and that he retains privileges at Kadlec.

[6]  It cannot necessarily and reasonably be inferred from this that Dr. Ortolano is no longer practicing in the relevant market, be it Richland or the Tri-Cities as a whole.

**ORDER DENYING MOTION
TO RECONSIDER-**          **7**

allegations of injury to competition).[7]

It is noted that the Complaint which has been filed, or is to be filed in Benton County Superior Court, contains the same conclusory allegations of injury to competition which plaintiffs proposed to plead in an amended complaint filed in the captioned matter. (Compare Paragraphs 99-103 of Ct. Rec. 18-2 at pp. 23-24 with pp. 7-8 of "Response Of Plaintiffs To Motion To Dismiss" at Ct. Rec. 7).

This court properly analyzed the 12(b)(6) motion, limiting itself to the facts alleged in the Complaint and proposed to be added in an amended complaint, including reasonable inferences therefrom.  Secondly, this court did not commit a "clear error" in not granting the plaintiffs leave to file an amended complaint when the plaintiffs had already informed the court, by way of their brief filed in response to the "Motion To Dismiss," and by way of their oral argument, what additional facts would be alleged in an amended complaint.

---

[7] Plaintiffs contend their Complaint pled "the effective elimination of midwives in Richland, as a negative competitive impact resulting from the termination of Dr. Perry's privileges at Kadlec."  In Paragraphs 40-42 of the Complaint, plaintiffs allege that "Dr. Perry had for many years supported midwives in their status as limited health care practitioners in the Tri-Cities area," that APW did not support midwives and boycotted their practices by not providing the physician coverage required by the limited practice of midwives, and that Dr. Perry's move to an office adjacent to Kadlec caused an additional competitive increase because it permitted midwives to increase their practices in Richland.

First of all, it would seem that if there is an issue concerning related professionals, it belongs to the midwives.  Dr. Perry "supported" midwives.  He does not allege he employed them as part of his practice.  Beyond that, it is not apparent how Dr. Perry's exclusion from Kadlec would prevent the midwives from engaging in their limited practice in the Tri-Cities area as a whole.  Indeed, it is not even clear that what the midwives do occurs at a hospital, but if it does, there is no allegation that Dr. Perry's exclusion from Kadlec results in the wholesale exclusion of midwives from Kadlec, and certainly does not result in their exclusion from other hospitals (including at Kennewick General Hospital where Dr. Perry retains privileges).

**ORDER DENYING MOTION**
**TO RECONSIDER-**          **8**

### B. Dismissal With Or Without Prejudice And Re-filing Of New Complaint In A New Action

As noted above, the court has discretion to dismiss a complaint with or without prejudice pursuant to 12(b)(6). A dismissal without prejudice does not constitute an adjudication upon the merits. This is important for res judicata purposes. Under the doctrine of res judicata, a decision in an earlier action will constitute a complete bar to a later action if: (1) the parties to the later suit are the same as or in privity with those in the earlier suit; (2) the later suit alleges the same cause of action as the earlier suit; and (3) a court of competent jurisdiction entered a valid final judgment on the merits in the earlier suit. *Cannon v. Loyola University of Chicago*, 784 F.2d 777, 779-80 (7th Cir. 1986), citing *Federated Department Stores v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424 (1981). Accordingly, if there was not an adjudication of the merits in an earlier suit (i.e., a dismissal with prejudice), that earlier suit cannot be accorded res judicata effect. In *Cannon*, the Seventh Circuit Court of Appeals found the dismissal of the plaintiff's prior suits against the University of Chicago and Northwestern University for failure to state a claim upon which relief could be granted were judgments on the merits and constituted a res judicata bar as to those two schools in a subsequent action. Chicago and Northwestern were parties in the prior actions, and although plaintiff's theory of relief had changed slightly, her complaint in the new action was based on the same facts as had been alleged in her previous actions. Finally, the court found that the 12(b)(6) dismissals of the prior actions constituted an adjudication upon the merits. 784 F.2d at 780-81, citing *Bell v. Hood*, 327 U.S. 678, 681-82, 66 S.Ct. 773 (1946).

If this court were to dismiss plaintiffs' antitrust claim **without prejudice**, that dismissal would not constitute an adjudication upon the merits of said claim, and a res judicata bar could not be considered if the plaintiffs filed a new complaint in a new action alleging an antitrust claim based on the same alleged facts, or new alleged facts which were available to plaintiffs at the time of the filing of their original

ORDER DENYING MOTION
TO RECONSIDER-                9

complaint and which could have been pled at that time.  Claim preclusion (res judicata) "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985), quoting *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205 (1979).  A 12(b)(6) dismissal without prejudice would potentially allow plaintiffs to avoid a res judicata bar in a subsequent action, even though it may be warranted.

A dismissal **with prejudice** does not allow the plaintiffs to avoid a res judicata bar that is otherwise justified.  "A dismissal under Rule 12(b)(6) can be on the merits [i.e., with prejudice], in which case the principles of res judicata may bar an attempt to assert the same claim."  *Abbott Laboratories v. Zenith Laboratories, Inc.*, 934 F.Supp. 925, 928 (N.D. Ill. 1995), citing *Wade v. Hopper*, 993 F.2d 1246, 1252 (7th Cir. 1993), and *Cannon*, 784 F.2d at 781.  In *Abbott*, the court observed that "when a Rule 12(b)(6) motion is on the merits, it is on the merits of the plaintiff's complaint **as it is currently pending before the court**."  *Id*. (emphasis added).  In *Abbott*, the court had dismissed plaintiff's November 1994 complaint in a previous action and issued a judgment on the merits because the complaint failed to assert a cause of action for which relief could be granted.  The plaintiff then filed a new complaint in 1995 in a new action which asserted an additional fact which the court had pinpointed as lacking when it dismissed the 1994 complaint.  Therefore, the court found that its dismissal of the 1994 complaint was not res judicata as to the claims now asserted in the plaintiff's 1995 complaint.  In doing so, the court distinguished both *Wade* and *Cannon* in which res judicata had been applied because in those cases, "the plaintiffs presented the exact same set of facts to the court in their new complaints as they had asserted in their prior complaints."  *Id*. at 929 (emphasis added).

In the case at bar, this court ruled on the merits of the plaintiffs' antitrust claim that was pending before it, considering the facts alleged in the Complaint, and

**ORDER DENYING MOTION
TO RECONSIDER-**          **10**

considering the additional facts that plaintiffs proposed to plead in an amended complaint. In other words, this court dismissed with prejudice the plaintiffs' antitrust claim as it was pled in the Complaint and further considered the additional facts which plaintiffs proposed to plead in an amended complaint. This court's ruling does not preclude the filing of a new action and a new complaint which sets forth an antitrust claim. The new claim, however, in order to withstand res judicata scrutiny, will have to allege new facts which could not have been pled previously. Of course, even if the res judicata hurdle is overcome, those new facts will still need to state an antitrust claim upon which relief can be granted. In *Abbott*, even though the court's prior rulings in the previous action were not res judicata on the plaintiffs' claims subsequently presented to the court in a new complaint in the new action, the court still had to determine whether the new complaint was sufficient to state a claim upon which relief could be granted. 934 F.Supp. at 929.

## IV.  CONCLUSION

The court did not commit a "clear error" by not allowing plaintiffs an opportunity to file an amended complaint. Plaintiffs informed the court of the facts they proposed to add to the existing Complaint and those were found to be insufficient. It was not "clear error" to dismiss the antitrust claim with prejudice. Furthermore, neither the denial of leave to formally amend the complaint, or the dismissal with prejudice of the antitrust claim, results in a "manifest injustice" to the plaintiffs.

Plaintiffs contend that an adjudication upon the merits- a dismissal with prejudice- is only warranted when "no set of facts may be pleaded or proved which would support the asserted antitrust cause of action." (Reply Brief, Ct. Rec. 18, at pp. 3-4). Plaintiffs make no reference to the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*,     U.S.    , 127 S.Ct. 1955 (2007), an antitrust case in which the Court rejected the language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78

S.Ct. 99 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court observed that this "no set of facts" language can be read in isolation as saying that any statement revealing the theory of a claim will suffice unless its factual impossibility may be shown from the face of the pleadings. *Id*. at 1968. The Court noted that "[o]n such a focused and literal reading of *Conley's* 'no set of facts,' a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery. *Id*. Such an approach to pleading dispenses with any showing of a "reasonably founded hope" that a plaintiff would be able to make a case. *Id*. at 1969. The Court held the "no set of facts" phrase "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*.

What this court has been presented with are conclusory allegations of antitrust injury, as well as allegations which belie any injury to competition- i.e., Dr. Perry's retention of privileges at Kennewick General Hospital. As this court noted previously in its "Order Of Dismissal," more than labels and conclusions are required, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right of relief above the speculative level. (Order, Ct. Rec. 13, at p. 4).

Plaintiffs' Motion To Reconsider is **DENIED** with the understanding that plaintiffs are not "cut off" from subsequently pleading a federal antitrust claim in a new action based on new and sufficient facts which could not have been pled in the

///

///

///

**ORDER DENYING MOTION
TO RECONSIDER-**          **12**

captioned action.[8]

　　　　**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and provide copies of it to counsel of record.

　　　　　　**DATED** this ___11th___ day of July, 2007.

　　　　　　　　　　*s/Lonny R. Suko*

　　　　　　　　　　LONNY R. SUKO
　　　　　　　　　United States District Judge

---

[8] Plaintiffs state they still have three years left before the statute of

limitations expires regarding subsequent assertion of any antitrust claim.

**ORDER DENYING MOTION
TO RECONSIDER-**　　　　　　**13**